| Order Form (01/2005) | | | |
|---|---|---|---|
| **United States District Court, Northern District of Illinois** | | | |
| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | Darrah |
| CASE NUMBER | 11 C 9056 | DATE | 1-10-12 |
| CASE TITLE | Theodore Parish (2010-1012115) vs. Cook County | | |

## DOCKET ENTRY TEXT

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice. The Court authorizes and orders Cook County Jail officials to deduct $24.67 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The clerk is also instructed to add John Doe Chicago Police Sergeant, Sixth Police District Station, as a defendant. Cook County is dismissed from this action. The clerk shall issue summonses for service on defendants Dr. Conpelis and Superintendent McCarthy and send the plaintiff a Magistrate Judge Consent and Amended Civil Rights Complaint Form, and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve all defendants.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Pro se plaintiff Theodore Parish, a detainee at the Cook County Jail, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), complaint for an initial review pursuant to 28 U.S.C. § 1983 (Dkt. No. 1), and a motion for appointment of counsel. (Dkt. No. 4).

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $24.67. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the Jail to another correctional facility.

Turning to the initial review of the complaint, plaintiff claims that his leg was broken and knee

# STATEMENT

damaged by an unknown Chicago police sergeant when he was arrested on October 11, 2010. The sergeant injured plaintiff by kicking him on the side of his leg. Plaintiff claims the officer works out of the Sixth Police District Station located at 78th and Halstead Streets in Chicago.

Plaintiff received initial medical treatment for his leg at Little Company of Mary Hospital and was subsequently admitted to the Cook County Jail. Plaintiff was supposed to receive follow up care from defendant Dr. Conpelis at the Jail. (Plaintiff is unsure of the spelling of the doctor's name). Dr. Conpelis refused to provide plaintiff additional care for his injuries despite his several requests.

Plaintiff has stated a claim for excessive force against the unknown Chicago police sergeant who allegedly broke his leg, *Common v. City of Chicago*, 661 F.3d 940, 943 (7th Cir. 2011) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)), and a Fourteenth Amendment deliberate indifference claim against Dr. Conpelis for the alleged refusal to treat his injured leg and knee resulting in unnecessary pain. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Fields v. Smith*, 653 F.3d 550, 556 (7th Cir. 2011); *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007).

Defendant Cook County is dismissed. "A municipality may be held liable for a constitutional deprivation under *Monell* [*v. New York City Dep't Soc. Servs.*]" *Waters v. City of Chicago*, 580 F.3d 575, 580 (7th Cir. 2009) (citing 436 U.S. 658 (1978)). "Misbehaving employees are responsible for their own conduct, 'units of government are responsible only for their policies rather than misconduct by their workers.'" *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) (quoting *Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2007)). "To establish municipal liability under § 1983 . . . a plaintiff must present sufficient evidence to show that the constitutional violation resulted from a municipal policy, custom or practice." *Waters*, 580 F.3d at 580 (citing *Monell*, 436 U.S. at 694). "To establish an official policy or custom, a plaintiff must show that his constitutional injury was caused by (1) the enforcement of an express policy of the [municipality], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority." *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467-68 (7th Cir. 2007) (citing *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001); *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)). Plaintiff fails to plausibly allege municipal liability under *Monell*. He only mentions his (apparently) single random event without demonstrating how this is part of a custom or practice by the County sufficient to establish a *Monell* claim. *See McCauley v. City of Chicago*, ___ F.3d ___, No. 09-3561, 2011 WL 4975644, at *3-*7 (7th Cir. Oct. 20, 2011); *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005). (He also does not plausibly suggest how he was harmed by an express policy or decision by a final policymaker).

The clerk is instructed to add John Doe Chicago Police Sergeant, Sixth Police District Station, as a defendant. Plaintiff should be aware that he cannot obtain damages from any defendant unless he serves them (or obtains waivers of service) in accordance with Fed. R. Civ. P. 4. In turn, he cannot obtain service on the John Doe officer defendant, he must determine his name. Plaintiff has already named Chicago Police Superintendent Garry McCarthy as a defendant. He remains in this case solely for the purpose of allowing plaintiff to identify the John Doe officer defendant.

Once an attorney has entered an appearance on Superintendent McCarthy's behalf, the plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the John Doe officer defendant who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33. After the plaintiff learns the Doe defendant's identity, he may submit a proposed amended complaint that names the Doe defendant under his actual name. Summonses will then issue for service on the Doe defendant and

# STATEMENT

Superintendent McCarthy will be dismissed because he was not personally involved with the alleged constitutional violation. McCarthy's status as a supervisor is insufficient to hold him liable. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[P]laintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff is advised that there is a two year statute of limitations for his claims. *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). Plaintiff must submit a proposed amended complaint naming the identity of the John Doe defendant within the statute of limitations period if he wishes to proceed against him. *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008); *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008); *Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir. 1993).

Should plaintiff decide to submit a proposed amended complaint, he must write both the case number and the Judge's name on the proposed amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, the plaintiff must provide an extra copy for the Judge; he must also submit a service copy for each defendant named in the proposed amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the proposed amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the Court to consider in its threshold review of the proposed amended complaint must be attached, and each copy of the proposed amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

The clerk shall issue summonses for service on defendants Dr. Conpelis and Superintendent McCarthy and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve all defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former employees who no longer can be found at the work address provided by the plaintiff, the City of Chicago and/or Cook County shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named Defendants pursuant to Rule 4(d)(1)(G)

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to defendants [or to defense counsel, once an attorney has entered an appearance on behalf of defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to plaintiff.

Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice because he has failed to make a reasonable effort to obtain his own attorney. *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th

| STATEMENT |
|---|
| Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). Plaintiff must request pro bono assistance from law firms or legal assistance organizations before he may request counsel from the Court. He should include copies of the letters he receives from these entities responding to his requests in any renewed motion for counsel. |