JMS/JDR/bca12969.A8E1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THEODORE PARISH (A-82981), | ) |
| Plaintiff, | ) |
| v. | ) 11 cv 9056 |
| CITY OF CHICAGO, a Municipal Corporation, ROY BOFFO. | ) |
| Defendants. | ) |

### PLAINTIFF'S THIRD AMENDED COMPLAINT AT LAW

Plaintiff, THEODORE PARISH, by and through his attorneys, Myers Carden & Sax LLC, for his Second Amended Complaint, complaining of the Defendants, THE CITY OF CHICAGO and ROY BOFFO, states as follows:

### JURISDICTION AND VENUE

This action is brought pursuant to 42 USC §1983 for deprivation of Plaintiff's constitutional civil rights; jurisdiction is therefore appropriate under 28 USC §1331 and §1343.

The relevant actions and the claims asserted herein arose in the Northern District of Illinois, and venue is therefore proper under 28 USC §1391(b).

### ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff, THEODORE PARISH, is an individual who at all times relevant hereto was living in the Northern District of Illinois.

2. The defendant, CITY OF CHICAGO ("CHICAGO"), is, and at all times relevant herein was, a Municipal Corporation, organized and existing under the laws of the State of Illinois. CHICAGO is located in the County of Cook and State of Illinois.

3. At all relevant times herein, Defendant, OFFICER ROY BOFFO ("BOFFO") was a sworn member of the CHICAGO Police Department and was acting under the color and pretense of the statutes, ordinances, regulations, customs and usages of Defendant, CHICAGO, and the State of Illinois, under the authority of their office and within the scope of their employment as a police officer.

4. On October 10, 2010, the Defendant, BOFFO was on patrol near 86th and Ingleside in Chicago, Illinois with Officers Tiffany Percy and Deryk Thomas.

5. The Plaintiff, THEODORE PARISH, was on his way to assist a friend with a ceramic tile job and took the bus to 87th and Cottage Grove.

6. As the Plaintiff, THEODORE PARISH, got off the bus and began walking, a blue truck sped around the corner and threw something out of the window. The blue truck had a police vehicle following it.

7 The Plaintiff, THEODORE PARISH ran to get out of the way of the speeding truck.

8. As the Plaintiff, THEODORE PARISH ran to get out of the way, the police vehicle stopped and Officer Tiffany Percy pursued THEODORE PARISH.

9 Officer Tiffany Percy ordered the Plaintiff THEODORE PARISH to get on the ground, and the Plaintiff complied.

10. Once the Plaintiff, THEODORE PARISH was in custody, he was sitting in the back of the police vehicle with his right leg resting outside the vehicle.

11. OFFICER R. BOFFO asked the Plaintiff, THEODORE PARISH to place his right leg inside the vehicle.

12. The Plaintiff, THEODORE PARISH explained that his leg was sore and he required help moving his leg.

13. OFFICER R. BOFFO then kicked the Plaintiff, THEODORE PARISH'S right leg fracturing his tibia. Officer R. BOFFO then forcefully pushed the Plaintiff, THEODORE PARISH down on to the squad car's back seat and gouged the Plaintiff THEODORE PARISH'S eyes with his fingers.

## COUNT I – BATTERY
## (BOFFO)

1-13. Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 - 10 inclusive of Count I, as though fully set forth herein and incorporate the same by reference.

14. The conduct and force used by OFFFICER R. BOFFO toward the Plaintiff, THEODORE PARISH, was intentional, malicious, excessive and in reckless disregard of the Plaintiffs' constitutional rights. Moreover, the use of force used against the Plaintiff was excessive.

15. As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious physical injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

16. The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

WHEREFORE, the Plaintiff, THEODORE PARISH, respectfully requests judgment against the Defendant, OFFICER R. BOFFO, in a sum in excess of FIFTY THOUSAND

AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT II - ASSAULT
### (BOFFO)

1-13.　Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count II, as though fully set forth herein and incorporate the same by reference.

14.　The Defendants' conduct placed Plaintiff, THEODORE PARISH, in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting him mentally, emotionally and psychologically.

WHEREFORE, the Plaintiff, THEODORE PARISH, respectfully requests judgment against the Defendant, OFFICER R. BOFFO, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT III - 42 U.S.C. §1983

1-13.　Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count II, as though fully set forth herein and incorporate the same by reference.

14.　At the time of the occurrence, OFFICER R. BOFFO knew that the Plaintiff, THEODORE PARISH, was unarmed and was in custody.

15.　At all times set forth in paragraphs 1 - 13, OFFICER R. BOFFO was engaged in the execution or enforcement of the law when he kicked the Plaintiff, THEODORE PARISH and gouged his eye.

16. As more fully described in the preceding paragraphs, the intentional conduct of Defendant, OFFICER R. BOFFO, toward Plaintiff was objectively unreasonable and constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

17. Prior to OCTOBER 10, 2010, CITY OF CHICAGO failed to properly train and supervise its officers, including, but not limited to OFFICER R. BOFFO regarding proper procedures to be used in apprehending a suspect in order to minimize the likelihood of injury.

18. As a result of the failure of CITY OF CHICAGO to properly train, supervise and discipline its officers, including, but not limited to OFFICER R. BOFFO, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

19. The Plaintiff's injuries were the proximate result of Defendants' aforementioned conduct.

20. The Plaintiff seeks punitive damages from OFFICER R. BOFFO as a result of his malicious, intentional, reckless and callously indifferent conduct towards the Plaintiff THEODORE PARISH.

WHEREFORE, the Plaintiff, THEODORE PARISH, respectfully requests judgment against the Defendants, CITY OF CHICAGO, and OFFICER R. BOFFO, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## JURY DEMAND

Plaintiff, THEODORE PARISH, demands a trial by jury under Federal Rule of Civil Procedure 38(b) on all issues so triable.

        Respectfully submitted,

        **myers carden & sax** LLC


By:  /s/Jason M. Sax
      Attorneys for Plaintiff,
      THEODORE PARISH (A-82981)

Jason M. Sax (ARDC# 6243815)
Joshua D. Rubin (ARDC# 6310056)
**myers carden & sax** LLC
30 North LaSalle Street, Suite 2200
Chicago, Illinois 60602
Ph: (312) 345-7250 / Fx: (312) 345-7251

6